CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
FEB 21 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

LORENZO GERALD FEREBEE,
    Plaintiff,

Civil Action No. 7:13-cv-00508

v.

**MEMORANDUM OPINION**

COMMONWEALTH OF VIRGINIA, et al.,
    Defendants.

By:  Hon. Jackson L. Kiser
      Senior United States District Judge

Lorenzo Gerald Ferebee, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. By its Order entered January 24, 2014, the court advised Plaintiff that the Complaint contained misjoined claims against misjoined defendants, in violation of Rules 18(a) and 20 of the Federal Rules of Civil Procedure. The Order directed Plaintiff to file an amended complaint without misjoined claims and misjoined defendants within ten days. Also, the Order informed Plaintiff that the proposed amended complaint must stand by itself without reference to prior filings and warned that failure to correct the Complaint would result in dismissal of the Complaint without prejudice.

Despite receiving an extension of time, Plaintiff filed an Amended Complaint that still contains misjoined claims and defendants. Plaintiff names various medical providers, prison staff, and state officials as defendants to vague claims ostensibly about the prison law library, medical care, excessive force, and legal mail. However, Plaintiff does not describe a nexus between any of the claims and defendants, in violation of the court's prior Order.[1] Accordingly,

---

[1] Regardless, the Amended Complaint fails to state a claim upon which relief may be granted because the claims consist solely of labels and conclusions. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Plaintiff clearly fails to allege sufficient facts in the Amended Complaint, and I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

this action is dismissed without prejudice for Plaintiff's failure to comply, pursuant to Rule 41(b), Fed. R. Civ. P. See Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989) (stating pro se litigants must respect court orders and dismissal is an appropriate sanction for non-compliance); Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 340-41 (3d Cir. 1982) (recognizing a district court may sua sponte dismiss an action pursuant to Fed. R. Civ. P. 41(b)).

**ENTER**: This 21st day of February, 2014.

Senior United States District Judge